IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS SPRINGS,

      Plaintiff,

v.                                           CASE NO. 1:10-cv-00081-MP-AK

J AVILES, WALTER A MCNEIL, PILAR TOURNAY,

      Defendants.

_____/

# **O R D E R**

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted

a civil rights complaint (doc. 1), alleging denial of medical care by personnel at Union

Correctional Institution.  He did not submit either the filing fee or a motion for leave to proceed

*in forma pauperis*.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not

bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District alone

on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed

cases include: Case Nos. 5:08cv366-SPM/MD; Case No 5:09cv5-SPM/EMT; and Case No.

5:09CV155-RS/AK.  In Case No. 5:09cv155, Plaintiff was advised that he had reached three

strikes because of his prior filings.

The instant complaint has been sufficiently reviewed to discern that Plaintiff's allegations do not bring him within the "imminent danger" exception set forth in 28 U.S.C. §1915(g)..

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis*. Furthermore, because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, this case must be dismissed. The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002). Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this _15th_ day of June, 2010

_s/Maurice M. Paul_

Maurice M. Paul, Senior District Judge